**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**SHAWNA E. SANCHEZ and OLEGARIO SANCHEZ,**

**Plaintiffs,**

**vs.**

**CASE NO. 4:09-cv-00420-SPM-WCS**

**LARRY CAMPBELL, in his official capacity as SHERIFF, LEON COUNTY, FLORIDA, and MORRIS YOUNG, in his official capacity as SHERIFF, GADSDEN COUNTY, FLORIDA**

**Defendant.**

_______________________________________/

## AMENDED COMPLAINT

Plaintiffs SHAWNA E. SANCHEZ and OLEGARIO SANCHEZ, hereby sue Defendants, LARRY CAMPBELL, in his official capacity as SHERIFF OF LEON COUNTY, FLORIDA, and MORRIS YOUNG, in his official capacity as SHERIFF OF GADSDEN COUNTY, FLORIDA, and alleges:

## NATURE OF THE ACTION

1. This is an action involving the violation of Plaintiff's[1] federal civil rights and includes state common law causes of action. The Plaintiff's federal claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the

[1] The term "Plaintiff" refers exclusively to Shawna E. Sanchez. Olegario Sanchez's claim is for loss of consortium.

United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

3. A written notice of Plaintiff's state law claims asserted herein, was submitted to Defendant and to the Florida Department of Financial Services on or about September 30, 2008, pursuant to §768.28(6), Florida Statutes. No response was received by Plaintiff, therefore they are deemed denied by operation of law.

**THE PARTIES**

4. Plaintiffs SHAWNA E. SANCHEZ and OLEGARIO SANCHEZ , have been residents of Leon County, Florida. The incidents alleged herein occurred in Leon County and Gadsden County and they are *sui juris*.

5. Defendant, LARRY CAMPBELL (hereinafter "Campbell"), at all times pertinent to this action, was the Sheriff of Leon County and was the top constitutional officer of Leon County, Florida. He is sued in his official capacity.

6. Defendant, MORRIS YOUNG (hereinafter "Young"), at all times pertinent to this action, was the Sheriff of Gadsden County and was the top constitutional officer of Gadsden County, Florida. He is sued in his official capacity.

**STATEMENT OF THE ULTIMATE FACTS**

7. Plaintiff was confined to a jail cell for more than five days without a first appearance in contravention of her constitutional, statutory, and regulatory rights.

8. In the morning hours of August 8, 2008, Plaintiff was pulled over by the Florida Highway Patrol for a traffic offense. A routine driver's license check conducted by the officer at the scene indicated that Gadsden County had a warrant out for Plaintiff's arrest. The warrant was for the felony crime of passing a worthless bank check. Plaintiff was arrested and transported to Leon County Jail because of this warrant.

9. On the day of Plaintiff's arrest, Leon County Sheriff's Office (LCSO) employees at the Leon County Jail contacted the Gadsden County Sheriff's Office (GCSO) via teletype and informed them of Plaintiff's detainment. GCSO instructed the Leon County Jail to hold Plaintiff until her first appearance in front of a judicial officer, at which point it would pick up Plaintiff from Leon County and transport her to Gadsden County.

10. Plaintiff's first appearance at the Leon County Jail never occurred. GCSO never came to pick up Plaintiff and never asked why she had not received her first appearance. LCSO never provided Plaintiff with her first appearance and never contacted GCSO to come transport Plaintiff to its facility. Both Defendants, individually and collaboratively, eviscerated her rights guaranteed under both the Florida Constitution, U.S. Constitution, Florida Statutes and Florida Rules of Criminal Procedure. Specifically, Plaintiff had rights to timely first appearance and pretrial release under Art. I, §§ 9, 14, and 21 of the Florida Constitution, Rule 3.130 of the Florida Rules of Criminal Procedure, § 907.041, Florida Statutes, and the rights provided to inmates on page 10 of the Leon County Jail Inmate Handbook. Plaintiff also had rights under these provisions, as well as under the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, to be advised of her right to communicate with counsel and to have bail set.

11. When LCSO did not call Plaintiff for first appearance on August 9, 2008, Plaintiff brought this to the attention of the booking officers at the Leon County Jail. These officers told Plaintiff she was not getting a first appearance because GCSO first needed to transport her to Gadsden County. LCSO maintained, wrongly, that Plaintiff's warrant prohibited her from bonding out of jail. The warrant clearly stated that bond was to be set at first appearance for the passing worthless bank check charge. The LCSO's failure to provide a first appearance and the failure to notify the GCSO of Plaintiff's continued confinement resulted in Plaintiff being illegally confined to the Leon County Jail without justification or excuse for more than five days. Alternatively, or in combination with the actions by the LCSO, the GCSO's failure to pick Plaintiff up so she could have a first appearance and/or bond in Gadsden County resulted in Plaintiff being illegally confined to the Leon County Jail without justification or excuse for more than five days.

12. Plaintiff was not released from the Leon County Jail until the afternoon of August 13, 2008. Not once during that time did either Defendant inform Plaintiff of her right to counsel.

13. LCSO and GCSO ignored pleas from Plaintiff's family members to have Plaintiff released. Both LCSO and GCSO officials, acting on behalf of and/or with the delegated authority from the offices of the Defendants, chose not to provide Plaintiff with her first appearance or to release her from confinement even after Plaintiff's family members brought the errors to the attention of both Defendants throughout Plaintiff's detention. It was not until Plaintiff's brother contacted Gadsden County Judge Stewart Parsons on August 13, 2008, that she was finally released. Had Plaintiff been provided with her mandated first appearance, rules and policies would have required Plaintiff also be advised of her right to counsel.

14. Within minutes of the contact, Judge Parson arranged for and procured Plaintiff's immediate release from Defendants' custody. He ordered her released on her own recognizance. Plaintiff's extended, unjustified detention caused Plaintiff significant personal strife. Plaintiff is five foot, three inches tall and still suffers from at least one herniated disk from a car accident. Still, Plaintiff was forced to sleep on the top bunk for the duration of her detention. Plaintiff also missed her child's eleventh birthday while in jail. Plaintiff OLEGARIO SANCHEZ, a framing contractor, was forced to miss out on getting a six-month long, lucrative job due to having to care for their children while Plaintiff remained in jail. Plaintiff thus also suffered economically due to her husband being out of work.

**COUNT I - DUE PROCESS VIOLATION AGAINST DEFENDANT CAMPBELL**

15. Plaintiff re-alleges paragraphs 1-14 above and incorporates those allegations in this Count. This Count is pled in the alternative.

16. Defendant Campbell violated Plaintiff's due process rights under the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

17. Plaintiff claims that Defendant acted to violate her civil rights through her prolonged jail detention. Defendant operated to deprive Plaintiff's liberty without due process of law, to deprive her right not to have an extended restraint imposed on her liberty following arrest without a first appearance in front of a judicial official. The first appearance serves to enforce or give meaning to a number of important rights. Without her first appearance, Plaintiff was not informed of her right to communicate to counsel, nor could she have bail set, consequences which are inconsistent with the notions of fundamental fairness and constitutes a deprivation of liberty without due process of law.

18. Defendant failed in his obligation to ensure pre-trial detainees such as Plaintiff receive a first appearance in front of a judicial officer within twenty-four hours of confinement. Defendant had a duty to protect and avoid infringement of Plaintiff's constitutional rights pursuant to federal law. The Defendant breached this duty, proximately causing injury to Plaintiff. The acts and omissions of the Defendant referred to herein were undertaken pursuant to unconstitutional acts of Defendant's employees, ratified by Defendant Campbell. Defendant further violated Plaintiff's due process rights by failing to inform her of her Constitutional right to counsel. Defendant failed to afford Plaintiff with the appropriate procedural protections while it waited for Gadsden County Sheriff's Office to transport Plaintiff to its facility.

19. Defendant is a person under applicable law. Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff as alleged herein.

20. Defendant misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

21. The actions or inactions of Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the rights of Plaintiff by the continued unlawful detention and the failure to advise Plaintiff of her right to counsel.

22. Defendant Sheriff acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Plaintiff. Specifically and without limitation, Sheriff

operated under an improper policy or failed to adopt a policy to ensure detainees receive a first appearance and are advised of their right to counsel, and for proper inmate transfer to other facilities. Further, Defendant had a custom or practice of not following or disregarding facially valid order, such as warrants the clearly state bond is to be set at first appearance.

23. Defendant Sheriff also failed to implement adequate hiring, training, staffing and supervisory procedures to properly provide for first appearance for detainees and to properly instruct detainees of their right to counsel. Defendant Sheriff also failed to implement adequate procedures to investigate constitutional violations by his deputies and to impose discipline on deputies when they engage in constitutional violations.

24. Defendant Sheriff is an elected county official with final policy-making authority for Leon County, Florida. He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees. At all times referred to herein, the Defendant Sheriff acted under color of state law and failed to train, supervise, investigate and discipline his employees as alleged herein. Defendant Sheriff's failure to train, supervise, investigate and discipline his employees responsible for the constitutional violations constitutes either an improper policy or the absence of a policy of the Defendant Sheriff which resulted in the deliberate indifference to the constitutional rights of the Plaintiff. Defendant Sheriff also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline his employees which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

25. Defendant Sheriff had a deliberately indifferent policy of training that was closely related to the violation of Plaintiff's federally protected rights. Specifically and without limitation, Defendant Sheriff had a deliberately indifferent policy of training its employees in the identification of detainees like Plaintiff who are entitled to be advised of the right to counsel, to a first appearance and to bond for bondable offenses. This deliberate indifference was closely related to the violation of Plaintiff's right to be free from the constitutional violations alleged herein. Defendant's conduct alleged herein, either individually or collaboratively, shocks the conscience of the court.

26. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

27. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

**COUNT II - DUE PROCESS VIOLATION AGAINST DEFENDANT YOUNG**

28. Plaintiff re-alleges paragraphs 1-14 above and incorporates those allegations in this Count. This Count is pled in the alternative.

29. Defendant Young violated Plaintiff's due process rights under the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

30. Plaintiff claims that Defendant acted to violate her civil rights through her prolonged jail detention. Defendant operated to deprive Plaintiff's liberty without due process of law, to deprive her right not to have an extended restraint imposed on her liberty following arrest without a first appearance in front of a judicial official. The first appearance serves to enforce or give meaning to a number of important rights. Without her first appearance, Plaintiff was not informed of her right to communicate to counsel, nor could she have bail set, consequences which are inconsistent with the notions of fundamental fairness and constitutes a deprivation of liberty without due process of law.

31. Defendant failed in his obligation to ensure pre-trial detainees such as Plaintiff receive a first appearance in front of a judicial officer within twenty-four hours of confinement. Defendant had a duty to protect and avoid infringement of Plaintiff's constitutional rights pursuant to federal law. The Defendant breached this duty, proximately causing injury to Plaintiff. The acts and omissions of the Defendant referred to herein were undertaken pursuant to unconstitutional acts of Defendant's employees, ratified by Defendant Young. Defendant further violated Plaintiff's due process rights by failing to inform her of her Constitutional right to counsel. Defendant failed to afford Plaintiff with the appropriate procedural protections while it waited for the LCSO to have a first appearance for Plaintiff.

32. Defendant is a person under applicable law. Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff as alleged herein.

33. Defendant misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

34. The actions or inactions of Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the rights of Plaintiff by the continued unlawful detention and the failure to advise Plaintiff of her right to counsel.

35. Defendant Sheriff acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Plaintiff. Specifically and without limitation, Sheriff operated under an improper policy or failed to adopt a policy to ensure detainees receive a first appearance and are advised of their right to counsel, and for proper inmate transfer to other facilities. Further, Defendant had a custom or practice of not following or disregarding facially valid order, such as warrants the clearly state bond is to be set at first appearance.

36. Defendant Sheriff also failed to implement adequate hiring, training, staffing and supervisory procedures to properly provide for first appearance for detainees and to properly instruct detainees of their right to counsel. Defendant Sheriff also failed to implement adequate procedures to investigate constitutional violations by his deputies and to impose discipline on deputies when they engage in constitutional violations.

37. Defendant Sheriff is an elected county official with final policy-making authority for Gadsden County, Florida. He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his

employees and disciplining those employees. At all times referred to herein, the Defendant Sheriff acted under color of state law and failed to train, supervise, investigate and discipline his employees as alleged herein. Defendant Sheriff's failure to train, supervise, investigate and discipline the employees responsible for the constitutional violations constitutes either an improper policy or the absence of a policy of the Defendant Sheriff which resulted in the deliberate indifference to the constitutional rights of the Plaintiff. Defendant Sheriff also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline his employees which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

38. Defendant Sheriff had a deliberately indifferent policy of training that was closely related to the violation of Plaintiff's federally protected rights. Specifically and without limitation, Defendant Sheriff had a deliberately indifferent policy of training its employees in the identification of detainees like Plaintiff who are entitled to be advised of the right to counsel, to a first appearance and to bond for bondable offenses. This deliberate indifference was closely related to the violation of Plaintiff's right to be free from the constitutional violations alleged herein. Defendant's conduct alleged herein, either individually or collaboratively, shocks the conscience of the court.

39. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

40. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

**COUNT III - NEGLIGENT ENFORCEMENT OF POLICIES[2] AGAINST DEFENDANT CAMPBELL**

41. Plaintiff re-alleges paragraphs 1-14 above and incorporates those allegations in this Count. This Count is pled in the alternative.

42. This is an action against Defendant Campbell. Defendant has a duty to enforce and implement existing policies and procedures to protect Plaintiff from the injuries caused by the Defendant and his agents and/or employees. By way of example only, Defendant Campbell had a duty to enforce and train its employees on LCSO's policies and procedures regarding transportation of inmates between its jail and jails of other counties, judicial first appearance, and informing detainees of right to counsel. Specifically and without limitation, Defendant had duties to provide Plaintiff a first appearance and advise her of her right to legal counsel by virtue of Art. I, §§ 9, 14, and 21 of the Florida Constitution, Rule 3.130 of the Florida Rules of Criminal Procedure, Section 907.041, Florida Statutes, the Leon County Jail Inmate Handbook, and the Sixth and Fourteenth Amendments to the U.S. Constitution.

43. This duty arises from the fact that Plaintiff was in the custody of Defendant and that Defendant had the duty to ensure the timely transport of Plaintiff from the Leon County Jail to the Gadsden County Jail. This duty arose because of the special relationship between Defendant

---

[2] The actions by Defendant LCSO complained of herein are "operational" functions, i.e., functions that are not necessary to or inherent in policy or planning, that merely reflect a secondary decision as to how those policies or plans will be implemented.

Campbell and Plaintiff due to the restraint on her liberty and/or because Plaintiff's unlawful detention was within a foreseeable zone of risk created when Plaintiff was detained by LCSO and Defendant had a duty to provide Plaintiff with a judicial first appearance and oversee her transfer to Gadsden County.

44. Defendant Campbell breached his duty to properly enforce such policies and procedures pertaining to the acts committed by Defendant and his agents and/or employees against Plaintiff that were in place at the times material hereto through proper training and supervision.

45. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

**COUNT IV - NEGLIGENT ENFORCEMENT OF POLICIES[3] AGAINST DEFENDANT YOUNG**

46. Plaintiff re-alleges paragraphs 1-14 above and incorporates those allegations in this Count. This Count is pled in the alternative.

47. This is an action against Defendant Young. Defendant has a duty to enforce and implement existing policies and procedures to protect Plaintiff from the injuries caused by the Defendant and his agents and/or employees. By way of example only, Defendant Young had a duty to enforce and train its employees on GCSO's policies and procedures regarding transportation of inmates between its jail and jails of other counties, judicial first appearance, and informing detainees

---

[3] The actions by Defendant GCSO complained of herein are "operational" functions, i.e., functions that are not necessary to or inherent in policy or planning, that merely reflect a secondary decision as to how those policies or plans will be implemented.

of right to counsel. Specifically and without limitation, Defendant had duties to provide Plaintiff with a first appearance and advise her of her right to legal counsel by virtue of Art. I, §§ 9, 14, and 21 of the Florida Constitution, Rule 3.130 of the Florida Rules of Criminal Procedure, Section 907.041, Florida Statutes, Gadsden County Jail policies, and the Sixth and Fourteenth Amendments to the U.S. Constitution.

48. This duty arises from the fact that Plaintiff was in the custody of law enforcement pursuant to a Gadsden County warrant and that Defendant had the duty to timely transport Plaintiff from the Leon County Jail to the Gadsden County Jail. This duty arose because of the special relationship between Defendant Young and Plaintiff due to the restraint on her liberty and/or because Plaintiff's unlawful detention was within a foreseeable zone of risk created when Plaintiff was detained by law enforcement and Defendant had a duty to obtain custody over Plaintiff.

49. Defendant Young breached his duty to properly enforce such policies and procedures pertaining to the acts committed by Defendant and his agents and/or employees against Plaintiff that were in place at the times material hereto through proper training and supervision.

50. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

**COUNT V - FALSE IMPRISONMENT AGAINST CAMPBELL**

51. Paragraphs 1-14 are hereby realleged and incorporated herein by reference.

52. This is an action against Defendant Campbell for false imprisonment. Count V is pled in the alternative.

53. The Plaintiff is entitled to relief against Defendant Campbell in that Campbell, for the period of August 8 through August 13, 2008, through his employees and agents, intentionally caused Plaintiff to be confined against her will, deprived Plaintiff of her liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time. The actions by the employees and agents of Defendant Campbell were committed within the course and scope of their employment with Defendant Campbell.

54. This unlawful restraint of the Plaintiff's liberty was accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where she did not wish to go. Defendant's prolonged detention of Plaintiff was unreasonable and unwarranted by the circumstances.

55. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement.

56. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

**COUNT VI - FALSE IMPRISONMENT AGAINST YOUNG**

57. Paragraphs 1-14 are hereby realleged and incorporated herein by reference.

58. This is an action against Defendant Young for false imprisonment. Count VI is pled in the alternative.

59. The Plaintiff is entitled to relief against Defendant Young in that Young, for the period of August 8 through August 13, 2008, through his employees and agents, intentionally caused Plaintiff to be confined against her will, deprived Plaintiff of her liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time. The actions by the employees and agents of Defendant Young were committed within the course and scope of their employment with Defendant Young.

60. This unlawful restraint of the Plaintiff's liberty was accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where she did not wish to go. Defendant's prolonged detention of Plaintiff was unreasonable and unwarranted by the circumstances.

61. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement.

62. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

**COUNT VII - LOSS OF CONSORTIUM BROUGHT BY OLEGARIO SANCHEZ**

63. Plaintiff OLEGARIO SANCHEZ re-alleges paragraphs 1-14 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against both Defendants.

64. Based upon facts as pled above, Plaintiff OLEGARIO SANCHEZ has lost the society, comfort and support of his wife, SHAWNA SANCHEZ based upon the negligent enforcement of policies and other state law violations set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. That process issue and this Court take jurisdiction over this case;

B. Judgment against the Defendants and for the Plaintiffs awarding compensatory damages against Defendants for the Defendants' violations of law enumerated herein;

C. Prejudgment interest on monetary recovery obtained pursuant to law;

D. Judgment against the Defendants and for the Plaintiffs awarding the Plaintiffs reasonable attorneys' fees and costs; and

E. Such further relief as is equitable and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,

/s/ Marie A. Mattox

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF this 25th day of November, 2009 to all counsel of record.

/s/ Marie A. Mattox
Marie A. Mattox