**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

SHAWNA E. SANCHEZ and
OLEGARIO SANCHEZ,

      Plaintiffs,

v.                                    **CASE NO: 4:09-cv-00420-SPM-WCS**

LARRY CAMPBELL, in his official capacity
as SHERIFF, LEON COUNTY, FLORIDA
and MORRIS YOUNG, in his official capacity
as SHERIFF, GADSDEN COUNTY, FLORIDA

      Defendants.
_____/

## **JOINT SCHEDULING REPORT**

Plaintiff and Defendants, by and through undersigned counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Initial Scheduling Order, submit their Joint Scheduling Report. The categories below correspond to those set forth in Form 35, Fed.R.Civ.P., and the Court's Scheduling Order.

**Meeting of the Parties:** Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on January 18, 2010, by electronic communication and was attended by Marie Mattox, counsel for Plaintiff and Keith Tischler, counsel for Defendant Campbell, and Timothy Warner, counsel for Defendant Young.

1. **Nature and Basis of All Claims and Defenses, and A Good Faith Attempt to Identify the Principal Factual and Legal Issues in Dispute:**

Plaintiffs filed this action under 42 U.S.C. § 1983. Plaintiff SHAWNA E. SANCHEZ claims that she was subjected to a violation of her right to procedural and substantive due process under the Due Process Clause of the Fourteenth Amendments,

1

her right to counsel under the Sixth Amendment and her right to bail under the Eighth Amendment.  Plaintiff also alleges causes of action under Florida law for false imprisonment and negligence in the enforcement and implementation of policies by the Defendants.  Plaintiff seeks damages, attorney's fees and costs.  Plaintiff OLEGARIO SANCHEZ asserts a loss of consortium claim under Florida law.

Defendants deny that Plaintiff has sufficiently pled a claim for official capacity liability as to the respective Sheriffs or that Plaintiff suffered a violation of her Constitutional rights under the Amendments pled.  Defendants assert the existence of probable cause for Plaintiff's detention and that Plaintiff's negligence claims are barred by sovereign immunity.  Defendants' defenses are set forth in greater detail in Defendants' motion to dismiss.

**2.** **Status and Likelihood of Settlement:** Settlement discussions will be pursued although the possibility of settlement at this time is unknown.

**3.** **Proposed Deadline to Join Parties and Amend Pleadings:** The parties jointly propose that they should be allowed until February 28, 2010, to join additional parties and to amend the pleadings.

**4.** **Pre-Discovery Disclosures:** The parties agree to exchange the information required by Fed.R.Civ.P. 26(a)(1) and Local Rule 16.1 by February 28, 2010.

**5.** **Discovery Plan**

The parties jointly propose to the Court the following discovery plan, to be governed by the applicable Rules of Civil Procedure or Rules for the United States District Court, Northern District of Florida:

a. Discovery will be needed on the following subjects: All matters covered in section 5(c) below.

b. All discovery commenced in time to be completed by August 30, 2010.

c. Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

d. The parties are unable to agree as to the number of depositions. Defendants seek to limit depositions to number (10 per side) and as to length as set forth in the applicable Federal Rules of Civil Procedure, with the agreement to re-evaluate the limitations after initial discovery disclosures and as the discovery process proceeds and to allow additional depositions upon a showing of good cause. Plaintiff seeks to take 30 depositions per side.

e. Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiff by April 15, 2010.

from Defendants by May 31, 2010.

f. Supplements are due within a reasonable time after discovering the need to supplement.

g. The parties agree to the confidentiality of the information deemed not to be a public record under the provisions of Florida law that might be found in the official records of Defendant, including, but not limited to, the home addresses, social security numbers and

other information subject to the exclusions found in state or federal law.

**6.     Joint Discovery Plan - Other Matters:** The parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): The parties agree to consult on all additional discovery matters as they arise and diligently pursue non-judicial alternatives.

**7.     Dispositive Motions:** The Parties agree that dispositive motions shall be served and filed no later than 20 days after the close of discovery.

**8.     Proposed Date for Final Pretrial Conference and Trial**: The parties jointly propose that this case will be ready for final pretrial conference and trial on or after December 1, 2010.  This is more than 8 months from the date of filing this lawsuit. Good cause is shown for this trial date by virtue of scheduling conflicts with other trial dates by counsel for both parties.  This will also allow the Court time to consider and rule upon any dispositive motions filed after the close of discovery.  At this time, the parties estimate 5 days for trial.

**9.     Other Matters/ Electronic Media**: The parties anticipate that some discovery in this case will involve electronically stored data, but do not foresee any issues arising from this discovery which will require judicial intervention.

**10.    Manual on Complex Litigation**: The parties agree that this case should not be made subject to the Manual on Complex Litigation.

**11.    Magistrate Judge Jurisdiction:** The parties conferred regarding magistrate judge jurisdiction over this case and decline to agree to trial by magistrate at the present time.

Respectfully submitted this 18th day of January 2010.

| | |
|---|---|
| /s/  Marie A. Mattox | /s/ Keith C. Tischler |
| Marie A. Mattox [FBN 0739685] | Keith C. Tischler [FBN 0334081] |
| MARIE A. MATTOX, P. A. | JOLLY & PETERSON, P. A. |
| 310 East Bradford Road | Post Office Box 37400 |
| Tallahassee, Florida 32303 | Tallahassee, FL 32315 |
| Telephone:  (850) 383-4800 | Telephone: (850) 422-0282 |
| Facsimile:   (850) 383-4801 | Facsimile:  (850) 422-1913 |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT CAMPBELL |

/s/Timothy M. Warner
TIMOTHY M. WARNER
Florida Bar No. 0642363
P. O. Box 1820
519 Grace Avenue
Panama City, FL 32402
Tel.:     (850) 784-7772
Fax:    (850) 784-7756

ATTORNEY FOR DEFENDANT YOUNG