# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SHAWNA E. SANCHEZ, et al.,

    Plaintiffs,

vs.                                       Case No.:4:09-CV-420-SPM-WCS

LARRY CAMPBELL, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (doc. 7). Plaintiffs have filed a response in opposition (doc. 8). For the reasons expressed herein, the Defendants' Motion to Dismiss will be granted as to the Plaintiff Shawna Sanchez's constitutional claims and the Court will decline to exercise supplemental jurisdiction of the Plaintiffs' remaining state law claims.

**BACKGROUND**

After being pulled over for a traffic offense, Plaintiff Shawna Sanchez was arrested and transported to the Leon County jail pursuant to an arrest warrant for the felony crime of passing a worthless bank check in Gadsden County. There was some confusion as to whether Mrs. Sanchez would remain detained at the Leon County jail, or would be transferred to Gadsden County for her first appearance, and Mrs. Sanchez remained confined in the Leon County jail for five days without a first appearance. Mrs. Sanchez and her husband have brought this action alleging various constitutional and state law claims against the Sheriffs of Leon County and Gadsden

County.

**LEGAL STANDARD AND ANALYSIS: MOTION TO DISMISS**

For purposes of a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *See* Fed R. Civ. P. 12(b)(6); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Dismissal pursuant to Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) (internal citations omitted). The threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for failure to state a claim is "exceedingly low." Broward Garden Tenants Ass'n. v. United States Envtl. Prot. Agency, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. Id. The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 555 (2007), holding "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" In so doing, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id.

In this case, Plaintiff Shawna Sanchez alleges that the Defendants have

violated her "due process rights under the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America." (Doc. 6). The Court will address each of these claims in turn.

First, Plaintiff claims that her constitutional rights under the Sixth Amendment were violated by the Defendants failing to timely provide her a first appearance with the assistance of counsel. While the Sixth Amendment does guarantee the right to the assistance of counsel for the preparation and presentation of one's defense, including in those criminal proceedings prior to but ancillary to one's trial, the Sixth Amendment does not require that a person who has been detained pursuant to a properly executed arrest warrant be permitted a first appearance in court within a specified period of time. This claim has no basis and it is clear that the Plaintiff is entitled to no relief on this ground.

Next, Plaintiff claims that her constitutional rights under the Eighth Amendment were violated by denying her bail during her period of confinement. However, the Supreme Court has recognized that the protections of the Eighth Amendment do not concern those who have been detained, but not yet convicted of a crime. *See* Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.") (internal citations omitted). Accordingly, as the Plaintiff's claim is essentially a Due Process claim which has been misconstrued as an Eighth Amendment claim, it is clear that the

3

Plaintiff is not entitled to any relief under the Eighth Amendment.

Finally, Plaintiff has brought a Fourteenth Amendment Due Process claim, which alleges that the lengthy detention prior to a first appearance amounted to a violation of her constitutional rights. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court ruled that a man's mistaken arrest and confinement for three days pursuant to an arrest warrant intended for his brother did not violate his rights under the Due Process clause, as he was deprived of his liberty for a brief period of time pursuant to a valid warrant. To its holding, the Court added:

> We may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of "liberty . . . without due process of law." But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation.

Baker, 443 U.S. at 145.

In light of this decision, lower courts have grappled with the question of what length of detention combined with what circumstances would constitute an unconstitutional deprivation of liberty in violation of the Fourteenth Amendment. Courts have tended to apply a "shocks the conscience" rationale in the cases, such that a deprivation of liberty pursuant to a valid arrest warrant will only be found unconstitutional if the totality of the circumstances, particularly the length of the detention, would shock the conscience. *See, e.g.*, Afeworki v. Thompson, 2007 WL

4

2572293 (W. D. Wash. 2007) (holding that seventeen day delay between arrest and first appearance does not shock the conscience); Pledger v. Reece, 2005 WL 3783428 (W.D. Ark. 2005) (holding that fifteen day delay in release does not create Due Process violation); Panfil v. City of Chicago, 45 Fed.Appx. 528 (7th Cir. 2002) (holding that there was no unconstitutional deprivation where person was detained for four days). *Cf.* Coleman v. Frantz, 754 F.2d 719 (7th Cir. 1985) (holding that eighteen day detention without appearance before magistrate constitutes unconstitutional deprivation of liberty); Jackson v. Hamm, 78 F.Supp.2d 1233 (M.D. Ala 1999) (finding that twenty-eight day detention prior to first appearance violated Substantive Due Process, but such right not clearly established in Eleventh Circuit for enforcement pursuant to § 1983).

Upon review of the case law and the Complaint, the Court finds that the Plaintiff's five day detention prior to first appearance, pursuant to a valid arrest warrant for which the Plaintiff was properly identified, does not shock the conscience and does not rise to the level of an unconstitutional deprivation of the Plaintiff's liberty in contravention of the Fourteenth Amendment. It is obvious that the Plaintiff is not entitled to any relief pursuant to her Due Process claim, which must be dismissed.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff Shawna Sanchez's constitutional claims under the Sixth, Eighth, and Fourteenth Amendments are hereby dismissed with prejudice.
2. As the Court finds that all of Plaintiff's constitutional claims are without merit and must be dismissed, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the Plaintiffs'

remaining state law claims.

DONE AND ORDERED this <u>tenth</u> day of February, 2010.

                    *s/ Stephan P. Mickle*
                    Stephan P. Mickle
                    Chief United States District Judge